## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

COOPER MARKETING
CONSULTING LLC,

        Plaintiff,

v.

THE GERSON COMPANY,

        Defendant.

Case No.  17-2347-DDC-GLR

## MEMORANDUM AND ORDER

This matter comes before the court on defendant The Gerson Company's Motion to Dismiss (Doc. 7).  All parties have filed responses and replies.  For reasons explained below, the court denies the motion.  After identifying the governing facts, this order explains why.

### I.     Facts

The following facts come from the Complaint (Doc. 1).  Because the current dismissal motion relies on Federal Rule of Civil Procedure 12(b)(6), the court must accept the pleaded facts as true and view them in the light most favorable to plaintiff.  *Ramirez v. Dep't of Corrs.*, 222 F.3d 1238, 1240 (10th Cir. 2000).  The court emphasizes that this standard controls the facts at this stage of the case.  In short, the court expresses no opinion whether they represent the facts that, ultimately, the factfinder would believe.

This case revolves around decorative sculptures that glow at night.  Cooper Marketing Consulting, LLC, plaintiff, is the successor-in-interest to Garden Meadow, Inc., Garden

Meadow, Ltd. (collectively "Garden Meadow"), and Sandy Cooper.[1]  Garden Meadow designed, manufactured, and sold decorative garden sculptures that glowed at night thanks to a solar unit inside the sculpture.  The Gerson Company, defendant, imports and distributes home décor, seasonal, and gift products.  On May 5, 2014, defendant and Garden Meadow entered into an Asset Purchase Agreement ("the APA").  The APA required defendant to pay Garden Meadow 15% of the gross profits defendant earned from selling Garden Meadow products from July 14, 2014 to July 16, 2016.  To ensure defendant paid Garden Meadow the proper amount, the APA required defendant to supply Garden Meadow with backup data and documentation needed to support defendant's profit calculation.  Also as part of the agreement, defendant required Garden Meadow to stop using the name "Garden Meadow."[2]

Also on May 5, 2014, defendant entered into a consulting agreement with Sandy Cooper, the founder and sole owner of Garden Meadow, Inc.  Ms. Cooper agreed to consult for defendant in the design, manufacture, and sale of Garden Meadow products.  Defendant, in return, agreed to pay Ms. Cooper 12.5 to 15% of defendant's net sales of Garden Meadow products between July 16, 2016, and July 16, 2017.

Once defendant started selling Garden Meadow products, it directed all payments to plaintiff.  But defendant did not account for its sales in the fashion that the APA and the consulting agreement required.  Defendant sold Garden Meadow products outside the product

---

[1]    In addition to the Complaint's allegation that plaintiff is the successor-in-interest to Ms. Cooper, plaintiff included the assignment of Ms. Cooper's rights to plaintiff with plaintiff's response.  Doc. 9-1.  Defendant argues the court should ignore the contract offered by plaintiff because plaintiff attached it to the response to the Motion to Dismiss, rather than a responsive pleading.  The court, however, gives plaintiff leave to amend its Complaint to include this exhibit.  *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.").

[2]    While this fact is not in the Complaint, it is in the APA, which is incorporated by reference into the Complaint.  *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (holding that on a motion to dismiss, a court can "consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity" (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (internal quotation omitted))).

2

line, failed to include sales of Garden Meadow products in its sales report to plaintiff, and inflated customer returns.  These actions reduced its sales numbers of Garden Meadow products.  Defendant did so to reduce its payments to plaintiff and to reinvent defendant's outdoor lighting brand.  And defendant did not provide the requisite back up data needed to support its calculations.

Plaintiff has brought a breach of contract claim against defendant on behalf of Garden Meadow and Ms. Cooper.  Plaintiff brought this claim as the successor-in-interest to Garden Meadow and Ms. Cooper.  In response, defendant has filed the Motion to Dismiss.  Defendant asserts that the court should grant the motion for three reasons:  (1) plaintiff is not the real party in interest; (2) plaintiff has failed to join indispensable parties, namely Garden Meadow and Ms. Cooper; and (3) the Complaint fails to state a claim for breach of contract.  The court will address defendant's arguments in that order.

## II.    Applicable Law

Before addressing the substance of defendant's arguments, the court must determine which state's substantive law governs.  *Rigby v. Clinical Reference Lab., Inc.*, 995 F. Supp. 1217, 1221 (D. Kan. 1998) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).  Because the Complaint alleges that the parties are citizens of different states and the amount in controversy exceeds $75,000, the court has diversity subject matter jurisdiction over this case. *See* 28 U.S.C. § 1332.  In a diversity case, federal courts apply the choice of law rules of the forum state.  *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  "Where the parties to a contract have entered an agreement that incorporates a choice of law provision, Kansas courts generally [apply] the law chosen by the parties . . . ."  *Brenner v. Oppenheimer &*

*Co. Inc.*, 44 P.3d 364, 375 (Kan. 2002).  Here, the parties chose Kansas law to govern both

contracts.  Doc. 8-2 at 27; Doc. 8-3 at 7.  The court thus applies Kansas law to this dispute.

Decisions by the Kansas Supreme Court determine the substantive law of Kansas.

*Etherton v. Owners Ins. Co*, 829 F.3d 1209, 1223 (10th Cir. 2016).  But the court may consider

lower court decisions as persuasive authority for what the Kansas Supreme Court would hold

unless evidence suggests otherwise.  *Id.*

## III.    Real Party in Interest

"An action must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P.

17(a)(1).  In contract cases—such as this one—only the parties to the contract can enforce the

contract.  *Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 675 (10th Cir. 2007) (applying Kansas

law).  But Kansas allows parties to assign breach of contract claims that they own to others.

*Glenn v. Fleming*, 799 P.2d 79, 90 (Kan. 1990).  When an "injured party assigns all of his rights

to a third party, the [third party] becomes the real party in interest . . . ."  *Wade*, 483 F.3d at 675.

Here, the Complaint alleges plaintiff is the successor-in-interest to rights previously held by

Garden Meadow, Inc., Garden Meadow, Ltd., and Sandy Cooper.  The Complaint thus alleges

that plaintiff is the real party in interest.

Defendant offers two reasons why the court should find that plaintiff is not the real party

in interest.  First, defendant asserts that plaintiff has failed to establish it is a successor-in-interest

to Garden Meadow because plaintiff never alleged a transaction or corporate event that made

plaintiff being the successor-in-interest.  Defendant cites *United States v. ConocoPhillips Co.*,

744 F.3d 1199 (10th Cir. 2014), for support.  *ConocoPhillips*, however, presented materially

different facts.  *ConocoPhillips* involved a dispute between the IRS, Arco Transportation, and

Conoco—who had acquired Arco Transportation.  *Id.* at 1201.  In the 1980s, the IRS and Arco

4

Transportation settled a tax dispute.  *Id.*  Certain provisions of the settlement applied to any "successors-in-interest."  *Id.* at 1202.  A dispute later arose that required the court to interpret "successors-in-interest" in the *settlement agreement*.  *Id.* at 1206.  *ConocoPhillips* never considered whether a party must plead a corporate event to show it is a real party in interest under Fed. R. Civ. P. 17.   Here, defendant is not asking the court to determine who is a "successor-in-interest" in a contract.  Instead, defendant is asking the court to find that plaintiff is not a real party in interest under Rule 17.  *ConocoPhillips* thus does not control this case.

Second, defendant argues that a party can become a successor-in-interest to rights owned by a natural person through a testamentary event.  Defendant cites *Taidoc Technology Corp. v. Diagnostic Devices, Inc.*, No. 3:12CV636, 2013 WL 1688030 (W.D.N.C. Apr. 18, 2013), for support.  The court is unclear how defendant finds support for this proposition in *Taidoc*.  *Taidoc* did not involve a person transferring rights; it involved a dispute over terms of a settlement agreement.  *See id.* at *4.  The court thus finds that *Taidoc* provides no support for defendant's dismissal argument.  And the court concludes that here, plaintiff has alleged sufficiently that it is the real party in interest.

## IV.     Failure to Join Indispensable Party

Defendant next argues that the court should dismiss the action because plaintiff has failed to join an indispensable party.  To decide whether a plaintiff's failure to join an indispensable party requires the court to dismiss a lawsuit, the court must consider three questions, in sequence. *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001).  "First, the court must determine whether the absent person is 'necessary.'"  *Id.*  "If the absent person is necessary, the court must then determine whether joinder is 'feasible.'"  *Id.*  "[I]f joinder is not feasible, the court must decide whether the absent person is indispensable . . . ."  *Id.*  Defendant argues

Garden Meadow and Ms. Cooper are necessary parties. Defendant never addresses the last two steps of *Norton*'s analysis.

A person is a necessary party when (1) "in that person's absence, the court cannot accord complete relief among existing parties;" (2) "that person claims an interest relating to the subject of the action" such that resolving the matter without that person may "as a practical matter impair or impede the person's ability to protect the interest;" or (3) "that person claims an interest relating to the subject of the action" such that an existing party may have a substantial risk of "incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(A), (B)(i), (B)(ii). Defendant bears the burden of demonstrating that an absent party is necessary. *Davis v. United States*, 192 F.3d 951, 958 (10th Cir. 1999).

Here, the court can render complete relief because all of the parties in interest are present in the lawsuit. Defendant argues that Garden Meadow and Ms. Cooper could bring subsequent suits after the claim in this case, and that possibility prevents the court from rendering complete relief. This is not correct. Plaintiff is the successor-in-interest to Ms. Cooper and Garden Meadow. Thus, Ms. Cooper and Garden Meadow cannot relitigate any issue decided in this lawsuit because *res judicata* would bar Ms. Cooper or Garden Meadow from relitigating any issue based on the APA and consulting agreement. *See Entek GRB, LLC v. Stull Ranches, LLC*, 763 F.3d 1252, 1260 (10th Cir. 2014) ("[S]uccessors and assigns to a property interest are often considered sufficiently 'in privity' for preclusion purposes.").[3]

In addition, Ms. Cooper and Garden Meadow's interests are not impaired because they have transferred their claims to plaintiff. Plaintiff has every motivation to collect on Ms. Cooper

---

[3]       Defendant argues that Ms. Cooper cannot transfer her claim against the defendant to plaintiff. Even when a contract forbids the assignment of the contract itself, a party to the contract can assign the right to pursue a breach of contract claim. *Mo. Bank & Trust Co. v. Gas-Mart Dev. Co., Inc.*, 130 P.3d 128, 134 (Kan. Ct. App. 2006). Here, even though the contract forbade assignment of the contract's rights and obligations, Ms. Cooper can assign her property right to recover for breach of contract.

and Garden Meadow's claim and defend defendant's claim that Ms. Cooper and Garden Meadow failed to perform adequately under the APA and Consulting Agreement. This showing would relieve defendant of the obligations imposed by those contracts. *See Blann v. Rogers*, 22 F. Supp. 3d 1169, 1181 (D. Kan. 2014) (holding that an insured was excused from performing under an insurance contract governed by Kansas law because the insurer materially breached the insurance contract).

Defendant also would not be at risk of incurring inconsistent obligations. Defendant argues that Ms. Cooper and Garden Meadow could bring claims against defendant that another court may resolve inconsistently with this proceeding. This is not possible because *res judicata* would bar Ms. Cooper and Garden Meadow from litigating the issues presented in this breach of contract claim because plaintiff is their successor-in-interest, as explained above. *See Entek GRB*, 763 F.3d at 1260. Ms. Cooper and Garden Meadow thus are not necessary parties.

## V.    Failure to State a Claim

### A.    Legal Standard

On a motion to dismiss for failure to state a claim, the court accepts all facts pleaded by the non-moving party as true and draws any reasonable inferences in favor of the non-moving party. *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this*

plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original)).

Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court has explained, simply "will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). This is so because the court need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 557 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal quotation omitted)).

When evaluating a motion to dismiss under Rule 12(b)(6), the court may consider the Complaint itself along with any attached exhibits and documents incorporated into it by reference. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1180 (10th Cir. 2007); *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 964–65 (10th Cir. 1994)). A court also "'may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Id.* (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (internal quotation omitted)). Here, the Complaint refers to the APA and the consulting agreement and they are central to the dispute. Also, the parties do not dispute their authenticity. The court thus considers these agreements to evaluate the Motion to Dismiss.

### B.    Discussion

Defendant makes four arguments to support its Motion to Dismiss for claiming that the Complaint fails to state a claim: (1) the Complaint fails to allege that plaintiff performed; (2) the

Complaint fails to identify the products at issue sufficiently; (3) the Complaint fails to provide facts that support the conclusion defendant breached the contract; and (4) the Complaint fails to allege sufficiently a claim for breach of the implied obligation of good faith and fair dealing. The court addresses these arguments in subsections 1 through 4, below.

### 1.    Plaintiff's Performance

Defendant first argues that the court should dismiss plaintiff's claim because the Complaint never alleges that it has performed its obligations.  A party need only plead "generally that all conditions precedent have occurred or been performed."  Fed. R. Civ. P. 9(c).  Defendant argues plaintiff has failed to do so and cites two cases from the Southern District of New York as support.  The court does not find these cases persuasive.  The two cases cited by defendant involved contracts controlled by New York law.  *Transcience Corp. v. Big Time Toys, LLC*, 50 F. Supp. 3d 441, 450 (S.D.N.Y. 2014); *Jasper & Black, LLC v. Carolina Pad Co., LLC*, No. 10 Civ. 3562 LTS HBP, 2012 WL 413869, at *9 (S.D.N.Y. Feb. 9, 2012).  *Jasper* required a plaintiff to amend its Complaint because it failed to allege that it had performed *all* of its obligations under the contract, as required by New York law.  *Jasper & Black, LLC*, 2012 WL 413869, at *9; *see also Transcience Corp.*, 50 F. Supp. 3d at 451 (dismissing a breach of contract claim because plaintiff conceded "the Amended Complaint failed to allege that [p]laintiff adequately performed under the parties' agreements").

Kansas does not require such specificity.  "To demonstrate a breach of contract claim, a plaintiff must show [that] . . . one party performed or was willing to perform the requirements of the contract."  *Jones v. Culver*, 329 P.3d 511, 513 (Kan. Ct. App. 2014).  As a performing party, plaintiff need not perform in exact conformity with the contract.  *Almena State Bank v. Enfield*, 954 P.2d 724, 727 (Kan. Ct. App. 1998) (holding that substantial performance is sufficient

performance).  Here, the Complaint alleges that Ms. Cooper helped design, find a source for,

market, and sell her products as well as maintain Garden Meadow's customer and supplier

relations.  These allegations largely conform with her contractual duties.  *See* Doc. 8-3 ¶¶ 1.1(a)–

(g).  It also alleges that Garden Meadow transferred assets (the glowing sculptures) to defendant.

Defendant identifies no other condition precedent that plaintiff should have performed but did

not.  Plaintiff does not concede the Complaint fails to allege performance.  And, to the contrary,

it alleges performance.  The court thus finds that plaintiff sufficiently has pleaded that Ms.

Cooper and Garden Meadow performed the contract.

### 2.    Facts Identifying Garden Meadow Products

Defendant next argues that the court should dismiss the Complaint because the Complaint

fails to identify the specific products plaintiff believes defendant omitted from its sales data.

Defendant argues that plaintiff actually asserts a copyright infringement claim and plaintiff must

provide a specific description of the infringing products to survive a Motion to Dismiss.

Defendant, does not meaningfully explain, though, why plaintiff's claim is, "in reality," a

copyright infringement claim.  In essence, the Complaint alleges that defendant improperly

accounted for Garden Meadow products sales, contrary to the terms of the APA and the

consulting agreement.  The Complaint alleges that defendant:  (1) sold Garden Meadow products

outside the product line, (2) failed to include sales of Garden Meadow products and derivative

products in its sales report justifying defendant's payment to plaintiff, (3) failed to provide

backup data and documentation necessary to support defendant's payment calculation, and (4)

inflated customer returns and allowances.  Doc. 1 ¶ 27A–D.  Such allegations support a breach of

contract claim—not a copyright infringement claim—because the contract between the parties

required defendant to pay plaintiff and justify the payments properly.[4]  The court thus holds the Complaint need not specifically identify the products at issue to survive a motion to dismiss.

### 3.    Defendant's Breach of Contract

Defendant argues that the Complaint contains just conclusions about defendant's alleged breaches.  Plaintiff argues that this case is similar to *Dreitz v. Linn Operating, Inc.*, No. 13-1179-EFM-TJJ, 2015 WL 1130983 (D. Kan. Mar. 12, 2015).  The court finds *Dreitz* informative and persuasive.  *Dreitz* involved a contract dispute governed by Kansas law.  *Id.* at *1.  The Complaint in *Dreitz* alleged in relevant part:  "[The] leases also place upon Defendants the obligation to properly account for and pay royalty interests to royalty owners.  All duties run directly to, or have been assumed by, the Defendants.  Such duties have been breached."  *Id.* at *2.  The court held that these allegations were sufficient to survive a Motion to Dismiss.  *Id.*

Defendants argued that the Complaint in that case failed to provide facts supporting the conclusion that a breach occurred because plaintiff had not alleged facts capable of supporting a finding that defendants underpaid plaintiff.  *Id.*  But *Dreitz* held that plaintiff did not need to allege the exact details of the breach to survive a motion to dismiss.  *Id.*  Plaintiff would need to show such details at the summary judgment stage, however.  *Id.*

As explained above, the Complaint here alleges defendant engaged in a variety of transgressions that violated defendant's duties under the APA and consulting agreement.  *See supra*, Part V.B.2.  If plaintiff supports these allegations with admissible evidence, a reasonable factfinder could conclude that defendant has breached the contract.  Plaintiff need not provide conclusive evidence of defendant's breach at this stage of the litigation.  The Complaint thus alleges defendant breached the contract sufficiently to survive a motion to dismiss.

---

[4]    Defendant asks the court to review two documents in support of its arguments here:  An affidavit from John Hjalmarson, defendant's Chairman and CEO, and photos of similar looking products.  The court declines to consider these documents because they are not referenced in the Complaint or central to it.

### 4.     Good Faith and Fair Dealing

Last, defendant argues that the court should dismiss plaintiff's implied obligation of good faith and fair dealing claim.  To plead a claim for breach of a duty of good faith and fair dealing under Kansas law sufficiently, plaintiff must:  "(1) plead a cause of action for 'breach of contract,' not a separate cause of action for 'breach of duty of good faith,' and (2) point to a term in the contract 'which the defendant allegedly violated by failing to abide by the good faith spirit of that term.'"  *Terra Venture, Inc. v. JDN Real Estate Overland Park, L.P.*, 443 F.3d 1240, 1244 (10th Cir. 2006) (quoting *Wayman v. Amoco Oil Co.*, 923 F. Supp. 1322, 1359 (D. Kan. 1996)). The implied covenant creates no new contractual duties; instead, it "guides the construction of explicit terms in an agreement."  *Kindergartners Count, Inc. v. DeMoulin*, 249 F. Supp. 2d 1233, 1243 (D. Kan. 2003) (applying Kansas law).

Defendant argues that the Complaint fails this standard because it simply alleges defendant had a duty of good faith and fair dealing and defendant breached that duty.  But this assertion will not withstand close scrutiny because the Complaint alleges more than this.  As explained above, the Complaint has pleaded a breach of contract claim sufficiently.  *See supra*, Parts V.B.1–3.  And the Complaint identifies terms in the APA and consulting agreement that defendant allegedly violated by failing to abide by the good faith and spirit of that term. Specifically, the Complaint identifies the provisions of the APA and the consulting agreement that lay out defendant's duties to pay plaintiff and justify that payment properly.  *See* Doc. 1 ¶ 27A–D.  According to the Complaint's allegations, defendant's actions violated the spirit of these terms because defendant omitted sales from its payment calculations to plaintiff, which caused defendant to underpay plaintiff.  In addition, defendant failed to provide the necessary

justification to support its payment calculations.  The Complaint thus sufficiently asserts that defendant breached its implied duty of good faith under Kansas law.

**VI.**    **Conclusion**

For the reasons stated above, the court denies defendant's Motion to Dismiss.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss (Doc. 7) is denied.

**IT IS SO ORDERED.**

**Dated this 3rd day of January, 2018, at Topeka, Kansas.**

**s/ Daniel D. Crabtree_____**
**Daniel D. Crabtree**
**United States District Judge**
